■ MOLLY HOWARD, Plaintiff, v D'AGOSTINO SUPERMARKETS, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. GENERAL ACCIDENT INSURANCE COMPANY, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [637 NYS2d 124] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered May 15, 1995, which granted third-party plaintiff's motion to strike third-party defendant's answer for failure to obey an order of disclosure, unanimously affirmed, with costs.

We agree with the IAS Court that the excuse offered by third-party defendant for its failure to produce a policy of insurance that was issued to third-party plaintiff's contractor and allegedly named second third-party plaintiff as an additional insured—its practice of destroying policies, except for declaration sheets, two years after their expiration, well within the three-year period of limitations for negligence actions and the six-year period for contract actions—is "indefensible". Even on its own terms, the practice should not have been carried out here, where the underlying personal action injury, which named both third-party defendant and its contractor, was instituted more than two months before the policy would have been destroyed. Concur—Rosenberger, J. P., Ellerin, Kupferman and Nardelli, JJ.